**In re Anonymous No. 8 D.B. 94**

316

Disciplinary Board Docket no. 8 D.B. 94.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

NIX, III, *Member,* August 16, 1995—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

A petition for discipline was filed on January 14, 1994 and an answer was filed on March 18, 1994.

On April 6, 1994, the matter was referred to Hearing Committee [    ], consisting of [    ], Esquire, Chairperson, and [    ], Esquire and [    ], Esquire, members.

On September 27, 1994, a disciplinary hearing was held before [    ], Esquire and [    ], Esquire by agreement of the parties.

The Hearing Committee filed its report on March 17, 1995, recommending a one year suspension.

Respondent filed exceptions to the report and requested oral argument.

Oral argument was heard on June 7, 1995 by a panel of the Disciplinary Board, consisting of Robert N.C. Nix III, Esquire, Chairperson, and Stephen T. Saltz, Esquire and Gregory P. Miller, Esquire, members.

The matter was adjudicated at the June 16, 1995 meeting of the Disciplinary Board.

## II. FINDINGS OF FACT

(1) Petitioner, whose principal office is located at Suite 400, Union Trust Building, 501 Grant Street, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207, Pa.R.D.E., with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, [    ], was born on August 14, 1958 and was admitted to the practice of law in the Commonwealth of Pennsylvania on June 18, 1991.

(3) On March 2, 1982, the respondent was arrested in Dade County, Florida, for possession of a controlled substance and D.U.I.

(4) At the time of the arrest, the respondent was a third-year law school student.

(5) The charge of possession of a controlled substance was nolle prossed.

(6) On February 11, 1983, the respondent submitted an application to the bar of the State of Florida.

(7) In that application, the respondent disclosed her arrest in Florida for D.U.I. and possession of a controlled substance.

(8) The Florida Bar deferred consideration of her application pending further investigation.

(9) The respondent was eventually permitted to take the Florida Bar examination.

(10) Respondent failed the Florida Bar examination.

(11) In February and July of 1984, the respondent failed the New York Bar examination.

(12) The respondent passed the New York Bar on her third attempt in July of 1985.

(13) On January 29, 1985, the respondent submitted an application for admission to the bar in the State of New York.

(14) In that application, the respondent disclosed the fact of her arrest in Florida in 1982.

(15) The respondent was admitted to practice in New York in March of 1986.

(16) In 1985 or 1986, the respondent submitted an application for admission to the bar of the State of Delaware.

(17) In that application, the respondent disclosed the fact of her arrest in Florida in 1982.

(18) The respondent was permitted to take the Delaware Bar examination.

(19) The respondent failed the Delaware Bar examination.

(20) On November 9, 1990, the respondent submitted an application for admission to the bar of the Commonwealth of Pennsylvania.

(21) In her application to the bar in the Commonwealth of Pennsylvania, the respondent was asked: "Have you ever been *arrested* or prosecuted for any crime (other than a summary motor vehicle violation?") (emphasis added) In response, the respondent answered, "no."

(22) In addition, in the application to the bar of the Commonwealth of Pennsylvania, the respondent was asked whether she had ever applied to *sit* for a bar examination in any other state. (emphasis added) In response, the respondent listed only a July of 1985 application to the New York Bar.

(23) In her application to the bar of the Commonwealth of Pennsylvania, the respondent did not disclose that she had failed to pass the bar examinations for the State of Florida and the State of Delaware, and that she had failed the New York Bar examinations on two prior occasions.

(24) On July 18, 1991, respondent was admitted to the bar of the Commonwealth of Pennsylvania.

(25) On November 9, 1990, the respondent filed a certified statement of candidate for admission to the bar of the State of New Jersey.

(26) In her certified statement, the respondent failed to disclose that she had failed bar examinations in the State of Florida and the State of Delaware.

(27) In her certified statement, the respondent also failed to disclose that she had been arrested in 1982 in Florida for possession of a controlled substance and D.U.I.

(28) In April of 1991, the New Jersey Board of Law Examiner's Committee on Character investigated whether respondent had properly responded to questions on that state's application, based upon the results of a fingerprint check which disclosed her arrest in Florida in 1982.

(29) In October 1991, respondent at a hearing before the New Jersey Board of Law Examiner's Committee on Character, acknowledged that the information con-

cerning her arrest should be brought to the attention of the Pennsylvania Board of Law Examiners.

(30) Under cover of letter from counsel, respondent wrote to the Pennsylvania Board of Law Examiners by letter dated May 15, 1992 to advise that it might be necessary for respondent to supplement her application with information relating to an arrest, past employment and other bar applications.

(31) On January 18, 1994, respondent was admitted to the bar of the State of New Jersey.

(32) Six character witnesses, including [A], Esquire, appeared at the disciplinary hearing and testified as to respondent's work product and adherence to ethical standards.

## III. CONCLUSIONS OF LAW

Respondent violated Pa.R.P.C. 8.1(a) by failing to disclose a material fact requested in connection with the lawyer's application for admission to the bar.

## IV. DISCUSSION

The issue before this board is the proper discipline for a lawyer who failed to provide accurate and/or complete answers on her bar application.

On her Pennsylvania Bar application, the respondent failed to indicate that she had been arrested on charges of driving under the influence of alcohol and possession of a controlled substance, as well as failing to completely list her employment history for the last seven years and failing to list all of the bar admissions for which she sat.

The respondent admitted that her answers were not complete with regard to her bar application. Further, respondent admits that she was careless in her responses

and that with the passage of time, she gave little, if any, thought to her prior arrest. Throughout the proceedings, respondent has shown remorse over her actions and indicated a recognition of her mistake. Discipline is unique to the individual, *In re Anonymous No. 100 D.B. 88,* 12 D.&C.4th 60 (1990) and the appropriate way to decide on a particular discipline is to measure the respondent's conduct against other similar transgressions. *Office of Disciplinary Counsel v. Lucarini,* 504 Pa. 271, 472 A.2d 186 (1983). Therefore, the Hearing Committee's recommendation of a one year suspension must be compared to similar cases to gauge whether the discipline is warranted.

*In re Anonymous No. 58 D.B. 82,* 27 D.&C.3d 471 (1983), an attorney who took the bar exam on behalf of his wife who had previously failed the exam was disbarred.

This lawyer clearly demonstrated an intent to deceive, which intentional conduct warrants a more severe discipline than a matter involving carelessness or mistake.

In *Office of Disciplinary Counsel v. Ragbirsingh,* 535 Pa. 587, 637 A.2d 265 (1994), the respondent created fraudulent letters of recommendation and resumé which information was used to facilitate his bar admission. This conduct resulted in a three year suspension and is a further example of the seriousness of a showing of an intent to deceive the board of law examiners or any other entity.

In *Office of Disciplinary Counsel v. Griffin,* 535 Pa. 590, 637 A.2d 266 (1994), the respondent had been investigated for failing to disclose on her bar application that she had pled guilty to two counts of deception. The respondent's deception had allowed her to apply for and receive credit cards, after she had been through a bankruptcy.

Her deception further enabled the respondent to gain admittance to law school. (*Id.,* facts from dissenting opinion.) In addition, the respondent falsified her application to gain employment, once she had graduated from law school. The respondent presented significant mitigating factors for her actions and was suspended from the practice of law for two years. Here, with very persuasive and compelling mitigating factors, the respondent's clear intent to deceive resulted in a lengthy suspension.

*In re Anonymous No. 24 D.B. 79,* 15 D.&C.3d 199 (1980), the failure of a bar applicant to disclose a prior withdrawn application to another bar resulted in an informal admonition. Absent the requisite intent to deceive, an instance of a mistake or carelessness resulted in less than public discipline.

It is this board's opinion that the respondent's failure to accurately answer all of the questions on her bar application was not intentional and lacking any intent to deceive the board of law examiners. Therefore, under an appropriate set of circumstances, less than public discipline might be warranted. However, in the present case, the respondent's inaccurate answers included an arrest. Clearly such an omission must be viewed with a greater skepticism than merely failing to list a withdrawn bar application. The primary purpose of our disciplinary system is to protect the public as opposed to punishing the attorney. *Office of Disciplinary Counsel v. Lucarini, supra* at 281, 472 A.2d at 190. To protect the public, future bar applicants must be made aware of the importance of accurately answering questions on the application for bar admission. To achieve this end, public discipline is necessary. In light of these factors, the board believes that a three month suspension is the most appropriate discipline.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent, [    ], be suspended from the practice of law for a period of three months.

It is further recommended that the court direct that respondent pay all of the necessary expenses incurred in the investigation. and processing of this matter pursuant to Rule 208(g), Pa.R.D.E.

Board Members Leonard, Lieber, Miller and Paris did not participate in the adjudication.

## ORDER

And now, September 13, 1995, upon consideration of the report and recommendations of the Disciplinary Board dated August 16, 1995, it is hereby ordered that [respondent] be and she is suspended from the bar of this Commonwealth for a period of one year and she shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Montemuro is sitting by designation.